**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JUAN JOSE GARCIA LOPEZ,

        Petitioner,

v.                                          Case No. 3:26-cv-643-TJC-MCR

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

        Respondents.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Juan Jose Garcia Lopez, a native of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1; Petition).  He is currently being held at the North Florida Detention Center by U.S. Immigration and Customs Enforcement (ICE).  Petitioner alleges that he arrived in the United States in 1973 as a child and was ordered removed on October 27, 1992.  Petition at 5, 7.  Thereafter (following his apparent release on parole), Petitioner alleges he was held in ICE detention for periods of 180 days in 2004 and 180 days in 2015 and has now been in ICE detention since January 13, 2026.  Id. at 5, 7.  Petitioner argues that the combined periods of his prolonged detention violate the Fifth Amendment because there is no significant likelihood of his removal in the reasonably

foreseeable future.   See id. at 7.[1]   He seeks, inter alia, release from custody. Id. at 8.   The Federal Respondents filed a response (Doc. 8; Response).[2]   The Warden of the North Florida Detention Center filed a Motion to Dismiss the Petition (Doc. 7).   Petitioner did not file a reply and the time permitted to do so has passed.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.   Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.   Id. at 701.   Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.   Id.   "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."   Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to

---

[1] The Petition includes three counts but they all essentially allege the same thing.

[2] The Response includes a chart showing Petitioner was detained for 120 days in 2003 and for 182 days at the end of 2014 and into 2015, which somewhat differs from Petitioner's allegations, but not materially.

2

provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701).   Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052 (emphasis added).

At the time Petitioner filed his Petition, he had only been in ICE custody for 71 days and his claim would therefore seem to be premature.   However, Petitioner contends that the aggregation of his past post-removal periods of ICE detention combined with his present period of ICE detention exceeds the six month presumptively reasonable period of detention.

"District courts are split on whether prior time in ICE custody should be aggregated to satisfy the six-month Zadvydas clock."   Tran v. Warden, Fla. Soft Side S. Det. Ctr., No. 2:25-cv-1224-KCD-NPM, 2026 WL 672969, at *4 (M.D. Fla. Mar. 20, 2026) (collecting cases).   Rather than endorsing a rule which categorically rejects the cumulative approach or adopting a "blanket rule" under which all past periods of ICE detention would "automatically aggregate," the Tran court found a middle ground.   Id.   It determined that "the better approach" is to restart the clock for each new cycle of detention "unless there are facts suggesting the government is acting with an improper motive," such as might be demonstrated by a "calculated pattern of catch-and-release

3

designed merely to reset the <u>Zadvydas</u> clock or evade judicial review."   <u>Id.</u> at *4-5.

Limited to the facts of this case, and without predicting whether the circumstances of a different case could lead to a different result, the undersigned adopts the <u>Tran</u> approach here.   Reviewing the record, the Court finds Petitioner was detained by ICE for approximately four months in 2003 following service of a state sentence on drug charges and again for approximately six months between 2014 and 2015 following his release from state prison for second degree murder and use of a firearm in commission of a felony.   <u>See</u> Response, Ex. 1 and 2.[3]   Both times, he was released on conditions of supervision when ICE was unable to remove him to Cuba.   Petitioner's current period of ICE detention follows service of a state prison sentence for possession of a firearm by a convicted felon.   <u>Id.</u>   Still being unable to remove him to Cuba, ICE is now attempting to remove Petitioner to Mexico pursuant to an arrangement that was not available during his last period of ICE detention.   Response at 9.   This record reveals no bad faith on the part of the government that would warrant aggregating Petitioner's periods of ICE detention.   The Court therefore determines Petitioner's Fifth Amendment Due Process claim is not yet ripe under <u>Zadvydas</u>, and the Petition is premature.

---

[3] These records reveal additional criminal activity dating back to 1985 that was not followed by periods of ICE detention.

4

Accordingly, the Petition will be dismissed without prejudice. [4] When Petitioner's claim becomes ripe, he may file a new petition.

Accordingly, it is

**ORDERED**:

1.     The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of June, 2026.



*Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:

Counsel of record

Pro se Petitioner Juan Jose Garcia Lopez, A020162685

---

[4] The Warden's motion to dismiss will therefore be terminated.